UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAWN K. BROWN,<br><br>        Petitioner,<br> v.<br><br>GITTERE, *et al.*,<br><br>        Respondents. | Case No. 3:22-cv-00130-MMD-CSD<br><br>ORDER |

### I. SUMMARY

Petitioner Shawn K. Brown, a Nevada prisoner, has filed a counseled Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 31 ("Amended Petition").) Currently before the Court is Respondents' motion to dismiss the Amended Petition. (ECF No. 45 ("Motion").) Brown opposed the Motion[1], and Respondents replied. (ECF Nos. 63, 68.) For the reasons discussed below, the Court denies the Motion.[2]

### II. BACKGROUND

A jury found Brown guilty of burglary while in possession of a deadly weapon and murder with the use of a deadly weapon. (ECF No. 51-6.) Brown was sentenced to, *inter alia*, life in prison without the possibility of parole. (*Id.*) Brown appealed, and the Nevada Supreme Court affirmed on October 24, 2019. (ECF No. 32-7.)

///

---

[1] Brown requests leave to exceed the page limit for his opposition. (ECF No. 65.) The Court finds that good cause exists to grant the request.

[2] The Court notes that Respondents provided courtesy copies of their exhibits. However, under the Court's Scheduling Order, it was ordered that "[c]ourtesy copies of exhibits shall <u>not</u> be provided." (Emphasis in original). Respondents are warned to heed the Court's orders.

While his direct appeal was still pending, Brown filed a state habeas petition on November 15, 2018. (ECF No. 51-14.) However, on February 27, 2019, Brown moved to withdraw his petition, explaining that he recently learned that his "1 year time limit does not begin until [his] direct appeal is final." (ECF No. 51-42 at 3.) Brown requested that his petition be dismissed without prejudice "so that upon completion and finality of [his] direct appeal, [he] may file the necessary, timely and proper writ of habeas corpus." (*Id.* at 4.) On April 2, 2019, the state court held a hearing on Brown's motion to withdraw and stated the following:

> [Brown] had some guy up at the prison help him file [his petition], and he didn't realize he actually had a longer time to get it filed because of the time period starting after his direct appeal. So he didn't want this one to move forward. So we will go ahead and grant his request and withdraw the current petition.

(ECF No. 51-44 at 3.) The state court never entered a written order disposing of the petition. Instead, the state court merely closed the case. (ECF No. 51-45.)

Later, after his direct appeal had concluded, on November 25, 2019, Brown moved for a new trial or to have his judgment vacated, alleging, in part, issues of ineffective assistance of counsel. (ECF No. 51-48.) The state court held a hearing on the motion and explained that "rather than denying part of the motion, the . . . remedy . . . is to give him an opportunity to convert his motion into a proper writ of habeas corpus." (ECF No. 52-2 at 3.) The state court indicated that (1) it would "give Mr. Brown 45 days to convert the ineffective assistance allegations in his motion for a new trial into a proper post-conviction writ of habeas corpus," and (2) Brown was "still within the time period to file a writ because he has a remittitur from the direct appeal issued in November of 2019." (*Id.* at 3-4.) Instead of converting his motion into a habeas petition, Brown moved to withdraw his motion for a new trial. (ECF No. 52-3.) The state court held a hearing on the motion and, importantly, explained that Brown "actually [had] until November of 2020 to file a writ because remittitur didn't issue on the direct appeal until November of 2019." (ECF No. 52-5 at 3.) The state court directed that "the minutes . . . reflect that he's got his whole statutory time period to file the writ, which goes up and through November of this year." (*Id.* at 4.) The

state court then entered a written order advising Brown that "he has until November 21, 2020, . . . to file a Post Conviction Writ." (ECF No. 52-8 at 3.)

Brown filed a second habeas petition on November 9, 2020. (ECF No. 32-9.) At this point, Brown's case had been assigned to a new judge. Contrary to the previous judge's implied rulings that Brown's second state habeas petition would not be barred because his first petition was withdrawn, the new judge bizarrely denied the petition, finding that it was "procedurally barred because it is successive." (ECF No. 52-24.) The new judge ruled on Brown's second habeas petition before Brown even had a chance to file a reply. (*See* ECF Nos. 52-22, 52-23.) Brown appealed, and the Nevada Court of Appeals affirmed on October 7, 2021, agreeing that Brown's second petition was successive. (ECF No. 32-14.) Remittitur issued on November 2, 2021. (ECF No. 32-15.)

Brown commenced this instant action on or about March 15, 2022. (ECF No. 1-1 at 1.) The Court appointed counsel for Brown. (ECF No. 10.) Brown filed his counseled Amended Petition on January 26, 2024. (ECF No. 31.) Brown raises the following grounds for relief in his Amended Petition:

1. His trial counsel failed to adequately present mitigation evidence at sentencing.
2. His trial counsel failed to properly object to the introduction of a random brick (purportedly similar to the murder weapon).
3. The State suppressed immunity deals.
4. His trial counsel failed to investigate whether immunity deals had been given.
5. His trial counsel failed to object to testimony.
6. The State stated facts not in evidence and misrepresented the evidence during closing argument.
7. The State repeatedly vouched for the credibility of witnesses.
8. The trial court improperly instructed the jury on the felony-murder rule.
9. His trial counsel failed to move to strike certain jurors for cause.
10. The trial court improperly admitted the testimony of Dr. Roquero.
11. He is factually innocent of murder.
12. His trial counsel failed to call a forensic toxicologist/chemist.
13. His trial counsel improperly opposed a cautionary instruction regarding accomplice testimony.
14. There were cumulative errors.

(ECF No. 31.)

///

## III.     DISCUSSION

Respondents argue that: (1) Brown's original petition and Amended Petition are both untimely; (2) ground 14, Brown's cumulative error claim, does not raise a cognizable claim under the Federal Constitution; and (3) grounds 1 through 5 and grounds 9 through 14 are unexhausted. (ECF No. 45.) The Court will address these arguments in turn.

### A.     Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period, *i.e.*, 365 days, begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Nev. Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The AEDPA limitation period is tolled while a "properly filed" state postconviction petition or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for postconviction relief in state court because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a postconviction appeal and the filing of a federal petition. *See Nino*, 183 F.3d at 1007.

4

In this case, under Respondents' calculations, Brown's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court following the Nevada Supreme Court's denial of his direct appeal on January 22, 2020. The federal statute of limitations began to run the following day: January 23, 2020. Brown filed his second state petition on November 9, 2020, tolling the AEDPA clock. As a result, 291 days elapsed between the finality of Brown's judgment and the filing of his second state petition. The remaining 74 days of the AEDPA limitations period was statutorily tolled during the pendency of all proceedings related to his second state petition. The remittitur was issued by the Nevada Supreme Court on November 2, 2021. As such, according to Respondents, Brown's AEDPA clock restarted on November 3, 2021, and expired 74 days later on January 17, 2022,[3] making his pro se petition filed on March 15, 2022, and his Amended Petition, filed on January 26, 2024, untimely.

Brown contends that he is entitled to statutory tolling because the state court never issued a written order disposing of his first state habeas petition, so his statute of limitations has not begun to run. (ECF No. 63.) The Court agrees. Given that the Nevada Court of Appeals based its October 7, 2021, ruling, in pertinent part, on Brown's "previously filed . . . postconviction petition for a writ of habeas corpus," Brown's first state habeas petition plays a key role in the Court's AEDPA analysis. As such, even though Brown elected to voluntarily withdraw his first state habeas petition, the Court cannot ignore its presence or effect on Brown's AEDPA statute of limitations, as Respondents have done in their Motion.

Since the Nevada Court of Appeals treated Brown's first state habeas petition as a first petition for purposes of the bar against second and successive petitions,[4] Brown's

---

[3] 74 days from November 3, 2021, was Sunday, January 16, 2022.

[4] Since there was no determination on the merits of Brown's first state habeas petition because Brown voluntarily withdrew it, it is surprising that the Nevada Court of Appeals treated Brown's first state habeas petition as a first petition for purposes of the bar against second and successive petitions. See NRS § 34.810(3) ("A second or successive petition must be dismissed if the judge or justice determines that it fails to

5

1  first state habeas proceedings statutorily tolled his AEDPA statute of limitations. Although
2  Brown moved to voluntarily withdraw his first state habeas petition, the state court never
3  issued a written order disposing of it. Rather, on April 2, 2019, the state court merely
4  verbally "granted [Brown's] request and withdr[e]w" the petition and then nearly seven
5  months later entered a boilerplate order directing the clerk "to statistically close th[e]
6  case." (*See* ECF Nos. 51-44 at 3, 51-45.) This is problematic because Nevada law
7  required the state court to enter a *written* judgment or order resolving the habeas action,
8  not just closing the case. *See* Nev. R. App. P. 4(b)(6)(B) ("The district court judge must
9  enter a written judgment or order finally resolving any postconviction matter. If the district
10 court judge first makes an oral pronouncement of a final decision in such a matter, the
11 written judgment or order must be issued within 21 days after the district court judge's
12 oral pronouncement."); *see also* NRS § 34.575 (1) ("[T]he appeal [of a denial of a writ of
13 habeas corpus] must be made within 30 days after service by the court of *written* notice
14 of entry of the order or judgment." (Emphasis added)). Because: (1) the issue of whether
15 a state application for postconviction relief is "pending" for purposes of 28 U.S.C. §
16 2244(d)(2) is governed by state law[5]; (2) Nevada state law required the state court to
17 enter a written order or judgment disposing of Brown's first state habeas petition; and (3)
18 the state court did not enter a written order disposing of Brown's first amended petition,
19 the Court considers Brown's first state habeas proceedings to still be pending. Because
20 (1) Brown's first state habeas petition was filed before his direct appeal was decided,
21 meaning no time elapsed between the finality of Brown's judgment and the filing of his
22 state petition, and (2) Brown's AEDPA limitation period is still being statutorily tolled due
23 to his "pending" first state habeas petition, Brown's Amended Petition is timely.
24 ///

---

allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.").

[5] *See Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006), *certiorari denied* 549 U.S. 1121.

6

**B.    Cognizable claims**

Respondents argue that ground 14, Brown's cumulative trial error claim, does not raise a cognizable claim under the Federal Constitution. (ECF No. 45 at 8.)

When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *See McGuire*, 502 U.S. at 68. Because United States Supreme Court precedent has clearly established the cumulative error doctrine, ground 14 is cognizable. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) ("The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair.").

**C.    Exhaustion**

Respondents argue that grounds 1 through 5 and grounds 9 through 14 are unexhausted. (ECF No. 45 at 9.)

A state prisoner must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).

Brown concedes that grounds 1 through 5 and grounds 9 through 14 are unexhausted, but he argues that exhaustion should be excused because he was subjected to a fundamentally unfair postconviction process. (ECF No. 63 at 41.) The Court agrees.

The exhaustion requirement is excused if "circumstances exist that render [the state court] process ineffective to protect the rights of the applicant." 28 U.S.C. §

7

2254(b)(1)(B)(ii); *Rose v. Lundy*, 455 U.S. 509, 516 fn.7 (1982) ("[T]he exhaustion doctrine does not bar relief where the state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised." (Internal quotation marks omitted).) Here, the tortured postconviction history of this case supports a finding that Brown was not afforded a full and fair adjudication of his claims. Indeed, the state court assured Brown that he had the ability to file a second state habeas petition that would not be successive in light of his withdrawn first state habeas petition and then denied that second state habeas petition as successive. This refusal to consider Brown's second state habeas petition is deeply troubling given that it amounted to: (1) Brown not being appointed state postconviction counsel to challenge his convictions and life-without-the-possibility-of-parole sentence; (2) no evidentiary hearing being held on Brown's habeas claims allowing him to obtain evidentiary support for his claims; and (3) Brown not having the benefit of drafting his pro se federal petition with issues previously identified by his state postconviction counsel. Given that Brown was denied an opportunity for a full and fair adjudication of his habeas claims in state court, the Court excuses Brown's lack of exhaustion.

**IV.    CONCLUSION**

It is therefore ordered that Respondents' Motion (ECF No. 45) is denied as follows: (1) Brown's Amended Petition is timely; (2) ground 14 is cognizable; and (3) the lack of exhaustion for grounds 1 through 5 and grounds 9 through 14 is excused.

It is further ordered that the motion for leave to file excess pages (ECF No. 65) is granted.

It is further ordered that Respondents have until April 30, 2025, to file their answer to the Amended Petition. Brown has 30 days following receipt of the answer to file his reply.

DATED THIS 27th Day of February 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE