UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHAWN K. BROWN,

Petitioner,

v.

GITTERE,

Respondents.

Case No. 3:22-cv-00130-MMD-CSD

ORDER

This habeas matter is poised for merits review. Ground 1 of the petition alleges trial counsel was ineffective for failing to present mitigation evidence at sentencing. (ECF No. 31 at 8-25.) Upon review of the record submitted by the parties, it appears that neither party submitted to the Court the letters in mitigation that the defense submitted to the state court for sentencing. (*See* ECF No. 50-45 at 8-10, 13-14.)

Habeas Rule 5 requires that Respondents supply the Court with the state court record. Accordingly, the Court will order that Respondents submit a supplemental exhibit consisting of the letters that defense counsel submitted to the state court for sentencing. *See* SECT 2254 Rule 7 (“the judge may direct the parties to expand the record by submitting additional materials relating to the petition”); *see also McDaniels v. Kirkland*, 813 F.3d 770, 773 (9th Cir. 2015) (*en banc*) (holding federal habeas courts “may consider the entire state-court record, including evidence that was presented only to the trial court.”); *Nasby v. McDaniel*, 853 F.3d 1049, 1052-54 (9th Cir. 2017) (remanding to the district court with instructions to consider the entire state court record).

Habeas actions are civil actions under federal practice and are subject to the reporting requirements of the Civil Justice Reform Act of 1990 (“CJRA”), 28 U.S.C. § 471 *et seq*. The CJRA sets a three-year goal for resolution of each civil case on the

merits, *id.* § 476(a)(3), and encourages "setting, at the earliest practicable time, deadlines for filing motions and a time framework for their disposition," *id.* § 473(a). Although the procedural and legal complexity of certain habeas actions may impede the three-year objective, the Court attempts to posture each case for a merits decision within three years of filing.

To meet the CJRA's three-year objective, this case must be resolved by September 30, 2026. Petitioner commenced this action in 2022, and both parties have been granted numerous extensions of time to file pleadings and exhibits in this action. Accordingly, any request for more time to respond to this Order is unlikely to be granted absent compelling circumstances and a strong showing of good cause.

It is therefore ordered that Respondents must, no later than September 4, 2026, file either (1) a supplemental exhibit consisting of a complete set of all the letters that the defense submitted to the state court for purposes of sentencing on May 9, 2018; or (2) a notice stating the reasons why the letters are unavailable.

It is further ordered that the Petitioner will have five days after the Respondents' submission in response to this Order to (1) admit or deny the correctness of the supplemental exhibits submitted by the Respondents; (2) submit a supplemental exhibit consisting of a complete set of all letters that the defense submitted to the state court for purposes of sentencing on May 9, 2018; or (3) submit a notice stating the reasons why the letters are unavailable.

DATED THIS 24th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE